The opinion of the Court, was delivered by
Ryerson J.
I perceive no error in the decision of the Court. The justice, and of course the Common Pleas, on appeal, have not jurisdiction of any cause, wherein “ the title to any lands, tenements, hereditaments, or other real estate, shall in any wise, come in question.” Rev. L. 629, seo. 1. A way is a hereditament. And if the defendant meant to insist on any right or title thereto, for justification of what is, prima fade, a trespass, he should, (according to the further direction of the statute, and the settled course of adjudications in this Court,) have pleaded his title, or right of way, in bar, and filed his bond with surety. This, it is well Known, would, at once, have ousted the Court of jurisdiction. The plaintiff would then have had recourse to ano *227 ther tribunal, prepared for the trial of this claim of right. By omitting to do this, the defendant below, the plaintiff in this Court, has lost all benefit from this ground of defence.
My only doubt, on the argument of this cause, arose from a question presented to my mind, whether wo could consider this a conflict about possession, and the evidence admissible on that ground. Reflection has removed that doubt. A way, like all incorporeal hereditaments, lies only in grant, and not in livery. It is a right, the enjoyment of which, requires no exclusive possession of the locus in quo. We allow a justice to try the question of possession merely, of corporeal hereditaments; but beyond this, we have not gone. For this there is a good reason, as possession can be proved by parol; is a matter of fact merely. In this respect there is a manifest distinction, between corporeal, and incorporeal hereditaments. For one is the object of our senses; the other in legal contemplation is not. I am therefore of opinion, the judgment of the Common Pleas must be affirmed. But it must not be inferred, from what I have said, that the evidence in question would have established the right claimed. On that point, I intend no intimation.
Hornbloweb, C. J. and Fokd, J. concurred.

Judgment Affirmed.

Cited in Campfield v. Johnson, 1 Zab. 86; Osborn v. Butcher, 2 Dutch. 310 ; Chambers v. Wambough, 4 Dutch. 531; Yawger v. Manning, 1 Vr. 182; Hawk v. Segraves, 5 Vr. 356.